IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-66,146-02
 






EX PARTE MANUEL SANCHEZ VICTORIA, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS

CAUSE NO. 1020158 IN THE 179TH DISTRICT COURT

FROM HARRIS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a habitation and
sentenced to forty years' imprisonment. He did not appeal his conviction.

 Applicant contends, among other things, that counsel failed to advise him that if he pleaded guilty,
he would waive his right to appeal. The trial court has entered findings of fact and conclusions of law
recommending that we deny this application. We believe that the record is not sufficient to resolve
Applicant's claim. According to the record, Applicant pleaded guilty without a recommendation on
punishment from the State. Trial counsel stated in an affidavit, however, that he advised Applicant that if
he pleaded guilty he would waive his right to appeal. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466
U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use
any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court
may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make further findings of fact as to whether Applicant waived his right to appeal.
If not, the trial court shall make findings of fact as to whether the performance of trial counsel was deficient
and, if so, whether Applicant was prejudiced. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas
corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 



Filed: February 27, 2008

Do not publish